**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Kevin Polston,            )<br>                           )<br>        Petitioner,    )<br>   vs.                     )<br>                           )<br>Charles L. Ryan,           )<br>                           )<br>        Respondent.        )<br>                           ) | No. CV-07-2335-PHX-PGR<br><br>ORDER |

Having considered *de novo* the Report and Recommendation of Magistrate Judge Irwin in light of the Petitioner's Objections to Magistrate Judge's Report and Recommendation (doc. #18), the Court finds that the petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2254, should be denied on the basis that the Magistrate Judge correctly concluded, in part, that the petitioner has not established the existence of a constitutional violation.[1]

The petitioner contends in his § 2254 petition that his right to due process under the Fourteenth Amendment was violated when the state arbitrarily and capriciously denied him two sentence commutations that he unquestionably

---

[1] Pursuant to the Fed.R.Civ.P. 26(d), the Court has substituted Charles L. Ryan, the current director of the Arizona Department of Corrections, as the respondent in place of Dora B. Schriro.

would have received but for admitted violations by state officials of certain mandatory provisions of Arizona's Disproportionality Review Act of 1994 (the "Act").  Very briefly stated, the genesis of the petitioner's claim is that in 1995 the Arizona Board of Executive Clemency (the "Board"), despite informing the petitioner that 17 of his 19 sentences were eligible for consideration for commutation under the Act, either inadvertently failed to address at the clemency hearing two of those 17 sentences, nos. A16 and B01, or considered them and voted to commute them but inadvertently failed to include those two sentences in its unanimous recommendation to then-Governor Symington that the petitioner's other 15 sentences under consideration be commuted, all in violation of the mandates of the Act.  Given that his other 15 sentences were subsequently declared in 2002 to be automatically commuted under the provisions of the Act, notwithstanding that Governor Symington had denied the Board's commutation recommendation in 1995, due to the Arizona Supreme Court's intervening decision in McDonald v. Thomas, 40 P.3d 819 (Ariz.2002), that the manner in which Governor Symington denied commutation recommendations was procedurally invalid under Arizona law, the petitioner contends that the two overlooked sentences at issue would also have then been similarly automatically commuted but for the Board's failure to properly consider them for commutation and/or properly include them in its commutation recommendation to the governor as mandated by the Act.  The petitioner argues that the state's refusal in February, 2004 to rectify the Board's error by commuting the sentences constitutes a violation of his due process rights notwithstanding that the Board, pursuant to a state court order, subsequently reviewed the two sentences at issue for purposes of commutation and recommended to then-Governor

Napolitano in 2004 that they also be commuted, which recommendation Governor Napolitano denied in a procedurally proper manner in 2005. The petitioner would have this Court grant him the commutation of sentences nos. A16 and B01 because that is the relief he would have automatically received in 2002 absent the state's failure to comply with the Act.[2]

Since the writ of habeas corpus does not provide a remedy for alleged errors in the application of state law, Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions[,]") the petitioner must establish a violation of his federal rights in order to justify habeas relief, which he has not done.

First, a prisoner has "no constitutional or inherent right to commutation of his sentence[,]" Connecticut Board of Pardons v. Dumschat, 452 U.S. 458, 464 (1981), and Arizona's clemency statutes do not provide a state prisoner with a protected liberty interest in having his sentence commuted. *See* Woratzeck v. Arizona Board of Executive Clemency, 117 F.3d 400, 404 (9th Cir.1997) ("[W]e conclude that Arizona's clemency laws create no liberty interest entitled to protection under the Due Process Clause.") (Some internal quotation marks omitted.)

Second, even if Arizona law related to sentence commutations provided the petitioner with a protected liberty interest, whatever due process rights the

---

[2] The petitioner asserts in his petition that the state's failure to commute his sentence B01, the longer of the two sentences at issue, resulted in him being ineligible for parole until May, 2009. The Court notes that a commutation of his sentence at this time would not lead to an earlier parole eligibility since the records of the Arizona Department of Corrections reflect that the petitioner became eligible for parole on sentence B01 on April 5, 2009.

petitioner had related to the two overlooked sentences were ultimately provided him through the Board's second clemency proceeding and Governor Napolitano's subsequent denial of the second commutation recommendation.  Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (doc. #17) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition for a Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 is denied and that this action is dismissed.  The Clerk of the Court shall enter judgment accordingly.

DATED this 20th day of April, 2009.

Paul G. Rosenblatt
United States District Judge